1

2

3

4

5

6

7  **UNITED STATES DISTRICT COURT**

8  **SOUTHERN DISTRICT OF CALIFORNIA**

9  HARVEY EUGENE LARSON                        Civil No.        09cv0745 L (PCL)

10                                 Petitioner,

11            vs.                              **REPORT AND RECOMMENDATION**
                                               **ON MOTION TO DISMISS PETITION**
                                               **FOR WRIT OF HABEAS CORPUS**
12  CARRASCO, Warden, et al.,

                                 Respondents.
13

14                                          **I.**

15                                    **INTRODUCTION**

16      Petitioner, Harvey Eugene Larson ("Petitioner"), has filed a Petition for Writ of Habeas Corpus

17  pursuant to 28 U.S.C. § 2254 challenging his 2000 conviction for resisting an officer and exhibiting a

18  deadly weapon to resist arrest in San Diego Superior Court case number SCE195230.  (Doc. No. 9.)[1]

19  On February 25, 2010, Respondent filed a motion to dismiss the petition, arguing that the Petition was

20  filed beyond the statute of limitations.  (Doc. No. 15.)

21      The Court has considered the Petition, Respondent's Motion to Dismiss and all the supporting

22  documents submitted by Petitioner in support of his Oppositions.  Based upon the documents and

23  evidence presented in this case, and for the reasons set forth below, the Court recommends that the

24  Motion to Dismiss be **GRANTED.**

25

26      [1]The court notes the operative Petition in this case is Petitioner's Second Amended Petition for
    Writ of Habeas Corpus.  (Doc. No. 9.)  Following the transfer of this matter from the Eastern District
27  of California on April 9, 2009, the District Court dismissed Petitioner's Petition for Writ of Habeas
    Corpus (Doc. No. 1) and First Amended Petition for Writ of Habeas Corpus (Doc. No. 5) for failure to
28  pay the requisite filing fee and for failure to allege exhaustion of state court remedies, respectively. (See
    Doc. Nos. 2; and 6.)

1

## II.

## PROCEDURAL BACKGROUND

A jury convicted Petitioner of resisting an executive officer and exhibiting a deadly weapon to a police officer to resist arrest (Penal Code §§ 62, 417.8) on April 13, 2000 in case number SCE195230. (Lodgment 1 at 1; Lodgment 4 at 1.) At the conclusion of trial, Petitioner "admitted that he had suffered three prison priors, a serious felony prior, and three felony strike priors." (Lodgment 4 at 1.) Based upon the present conviction and Petitioner's admitted priors, the trial court sentenced Petitioner to an indeterminate term of 34 years to life in prison. (Id.)

Petitioner timely appealed and the Court of Appeal affirmed the judgment on February 8, 2002. (Lodgment 1.) Petitioner then filed a Petition for Review in the California Supreme Court, which denied the petition on May 1, 2002. (Lodgment 2.)

Thereafter, on November 23. 2003,[2] Petitioner began his first round of habeas petitions in state court. (Lodgment 3.) Petitioner claimed he was denied the ability to file a supplemental brief by the Court of Appeal in his direct appeal process, and that there were insufficient facts to support a conviction at trial. (Id.) The court did not find merit in these arguments and denied the petition on December 16, 2003. (Lodgment 4.)

Petitioner then filed a state habeas petition in the Court of Appeal on July 27, 2004. (Lodgment 5.) Petitioner alleged various trial errors in this Petition. (Id.) However, the Court of Appeal denied the petition in a reasoned opinion on August 13, 2004 because Petitioner had failed to raise these claims on direct appeal. (Lodgment 6 at 2.) Almost four years following the Court of Appeal's denial of this Petition, Petitioner filed a Petition for Writ of Review in the California Supreme Court on June 18, 2008 asserting the same claims from his previous petitions in the lower courts. (Lodgment 7.) The California Supreme Court summarily denied this petition on February 11, 2009. (Lodgment 10.)

---

[2] For purposes of calculating AEDPA's limitation period the "mailbox rule" applies to both the pro se prisoner's federal habeas petition and the state court habeas petition that began the period of tolling. See Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000) (applying Houston v. Lack, 487 U.S. 266, 276 (1988), in which the Supreme Court held that a notice of appeal by a pro se prisoner is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of court); see also Huizar v. Carey, 273 F.3d 1220 (9th Cir. 2001)(holding that mailbox rule applies even if document is never actually filed as long as prisoner diligently follows up once he has failed to receive a disposition from the court).

2

1    While Petitioner's first round of state habeas petitions was pending, it appears Petitioner began

2  second and third rounds of habeas petitions by filing state petitions in San Diego Superior Court on May

3  29, 2007 (EHC 591), and July 21, 2008 (EHC 652).  (Lodgment 7 at 8.)  Petitioner alleged "the

4  Department of Corrections wouldn't initiate a recall of commitment recommendation and he had not

5  been receiving his mail" in the Petition filed on May 29, 2007, and he alleged "the trial court imposed

6  an excessive restitution fine" in the Petition filed on July 21, 2008.  (Id.)  There are no documents from

7  which to ascertain what happened to the second state habeas petition (EHC 591), however, it appears

8  the San Diego Superior Court denied the third state habeas Petition (EHC 652) on August 29, 2008.  (Id.

9  at 7-11.)  Thereafter, Petitioner filed a petition in the Court of Appeal on December 2, 2008.  (Lodgment

10  7.)  This petition set forth the claim that the restitution fine imposed was excessive.  (Id. at 3.)  The

11  Court of Appeal denied this petition on January 29, 2009.  (Lodgment 8.)  There are no documents

12  submitted for the Court's review showing a Petition for Review was ever filed in the California Supreme

13  Court corresponding to this state habeas petition.

14    Petitioner filed the operative Petition for Writ of Habeas Corpus in this Court on August 26,

15  2009. (Doc. No. 9.)  On February 25, 2010, Respondents filed a Motion to Dismiss seeking dismissal

16  of the Petition for failure to file within the statute of limitations.  (Doc. No. 15.)  On April 8, 2010 and

17  April 16, 2010, Petitioner opposed the Motion.  (Doc. Nos. 19; 21.)

18                                          **III.**

19                                    **DISCUSSION**

20    Pending before the court is Respondents' Motion to Dismiss, alleging that the federal petition

21  was not timely filed. The statute of limitations for federal habeas corpus petitions is set forth in 28

22  U.S.C. § 2244(d)(1):

23    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by
      a person in custody pursuant to the judgment of a State court. The limitation period shall
24    run from the latest of –
              (A) the date on which the judgment became final by the conclusion of direct
25    review or the expiration of the time for seeking such review;
              (B) the date on which the impediment to filing an application created by State
26    action in violation of the Constitution or laws of the United States is removed,
      if the applicant was prevented from filing by such State action;
27            (C) the date on which the constitutional right asserted was initially recognized
      by the Supreme Court, if the right has been newly recognized by the Supreme
28    Court and made retroactively applicable to cases on collateral review; or

1

2

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3    28 U.S.C. § 2244 (LEXIS 2010).  Under the Antiterrorism and Effective Death Penalty Act of 1996

4    (AEDPA), a petitioner has one year from the date his or her conviction becomes final to file a petition

5    for writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254.  See 28 U.S.C. § 2244(d); see

6    also Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997) (overruled

7    in part on other grounds, Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998)

8    (en banc)). The statute of limitations, however, is subject to both statutory and equitable tolling.  See

9    28 U.S.C. § 2244(d)(1); Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1288 (9th Cir.

10   1997).

11   **A.    Commencement of the Statutory Limitations Period**

12        On May 1, 2002, the California Supreme Court affirmed Petitioner's 2000 conviction.

13   (Lodgment 2.)  Petitioner's conviction became final 90 days later, on July 30, 2002, when the time to

14   file a petition for writ of certiorari in the United States Supreme Court expired. Bowen v. Roe, 188 F.3d

15   1157 (9th Cir. 1999). The AEDPA statute of limitations began to run the next day, on July 31, 2002 and

16   Petitioner had one year, or until July 30, 2003, to file a timely federal petition, absent applicable tolling.

17   Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

18   **B.    Statutory Tolling Pursuant to 28 U.S.C. § 2244(d)(2)**

19        The running of the statute of limitations is "statutorily tolled" while a "properly filed application

20   for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

21   pending." 28 U.S.C. § 2244(d)(2). This provision tolls the statute for the entire time during which a state

22   prisoner is attempting, through the proper use of state court procedures, to exhaust state court remedies

23   with regard to a particular post-conviction application. The time that an application for state post-

24   conviction review is "pending" includes the interval between the denial of a petition in one court and

25   the filing date of a subsequent petition in a higher court (also known as "gap tolling"), provided the

26   petitions were timely filed under state law. Carey v. Saffold, 536 U.S. 214, 219-21 (2002); Evans v.

27   Chavis, 546 U.S. 189, 191 (2006). However, the statute of limitations is not tolled between the date on

28   which a judgment becomes final and the date on which the petitioner filed his first state collateral

4

1   challenge because there is no case "pending" during that interval. <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006

2   (9th Cir. 1999).

3        On November 23, 2003, Petitioner constructively filed his first state petition for writ of habeas

4   corpus in the San Diego Superior Court. (<u>See</u> Lodgment 3.) Because Petitioner had no state court

5   petitions pending from July 30, 2002 and November 22, 2003, Petitioner does not receive any statutory

6   tolling for that period, which equals more than one year. <u>See</u> <u>Nino</u>, 183 F.3d at 1006. Even if the Court

7   were to credit Petitioner with tolling for the time period between the filing of his first state habeas

8   petition and February 11, 2009,[3] the petition is not saved by statutory tolling because petitioner exceeded

9   his 365 days in which to file a federal petition after the judgment of conviction became final.  <u>See</u> 28

10  U.S.C. § 2244(d)(1).

11       In his first Opposition to Respondent's Motion to Dismiss, Petitioner claims he should be

12  entitled to statutory tolling for a state habeas petition he attempted to file in May 2003. (Doc. No. 19

13  at 3.)[4]  Petitioner further submits a letter from the California Court of Appeal showing that the Court

14  of Appeal received "exhibits" from Petitioner in an apparent attempt to file a petition for writ of habeas

15  corpus. (<u>Id.</u> at 6.)  However, as this petition was sent to and improperly lodged in the wrong location,

16  it cannot have tolling effect under the federal statute.  Petitioner properly filed his first state habeas

17  petition in November 2003.  By this time, the statute of limitations period, which began on July 30, 2002

18  and ended on July 30, 2003, had expired.  Petitioner's May 2003 attempt at filing a petition does not

19  qualify for statutory tolling because a state petition qualifies for statutory tolling only if "its delivery and

20  acceptance are in compliance with the applicable laws and rules governing filings." <u>Artuz v. Bennett</u>,

21  531 U.S. 4, 8 (2000).  Here, the Court of Appeal's letter states that Petitioner did not file his petition on

22  the appropriate habeas corpus form and his exhibits were, therefore, returned along with a proper form

23  for his use.  (Doc. No. 19 at 6.)  Improperly filed and lodged state habeas petitions are not entitled to

24

25       [3] The court notes the Order of the California Supreme Court denying the state petition for writ
    of habeas corpus dated Februear 11, 2009 includes a citation to <u>In re Robbins</u> as the basis for the
26  denial. A court's citation to <u>In re Robbins</u> indicates the petition was untimely filed in that court and
    denied review.  <u>In re Robbins</u>, 18 Cal.4th 770 (1998).  This further serves to indicate that Petitioner's
27  state court petitions were not timely filed and do not toll the statute of limitations.

28       [4] The pagination of Petitioner's documents submitted to this Court are generally erratic and
    incomplete.  For clarity, the Court's citations refer to the page numbers assigned by the docketing clerk.

5

1  statutory tolling.  See Hood v. Galaza, 47 F. Supp. 2d 1144, 1147 (S.D. Cal. 1999).  Therefore, the

2  petitions that were properly filed thereafter cannot be given tolling effect because the federal statute

3  does not permit the reinitiation of the limitations period that has ended before the first state petition was

4  properly filed. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).  Moreover, Petitioner fails to

5  account for the delay in filing his federal habeas petition within the statutory tolling provision.

6       Lastly, Petitioner's documents submitted to this Court show Petitioner constructively filed a

7  second and third habeas petition in the San Diego Superior Court on May 29, 2007 and July 21, 2008,

8  respectively.  Prior to these filings, Petitioner's first state habeas petition had been denied by the Court

9  of Appeal on August 13, 2004.  (Lodgment 6.)  From August 13, 2004, until May 29, 2007,

10  approximately 1015 more days, or two years and nine and one half months had elapsed.  See Lott v.

11  Mueller, 304 F.3d 918, 922 (9th Cir. 2002) (AEDPA's one-year limitations period assumes a year

12  consisting of 365 days). Therefore, even if this Court were to liberally construe Petitioner's filings in

13  state court and assume that all petitions correspond to the same claims, this Court would have to

14  determine that Petitioner is entitled to statutory tolling for the two years and nine and one half months

15  that elapsed between the time Petitioner's habeas petition to the California Court of Appeal was denied

16  on August 13, 2004 and the time Petitioner filed his next state petition in the San Diego Superior Court

17  on May 29, 2007.

18       The United States Supreme Court has held that, absent a clear indication to the contrary by the

19  California Legislature or a California court, an unexplained and unjustified "gap" between filings of six

20  months is unreasonable and does not warrant "gap tolling." Evans v. Chavis, 546 U.S. at 201; see also

21  Gaston v. Palmer, 447 F.3d 1165, 1166-67 (9th Cir. 2006) (petitioner not entitled to "gap" tolling for

22  unexplained delay of 10 months), cert. denied, 549 U.S. 1134 (2007); Plitt v. Yates, 2009 WL 3126537,

23  at *4 (E.D. Cal. 2009) (delay of 135 days between state court petitions not reasonable and not entitled

24  to statutory tolling per Chavis).  Based on the holding in Chavis and the subsequent authority from the

25  Ninth Circuit and district courts within this Circuit, this Court finds that, absent an excuse that would

26  qualify Petitioner for equitable tolling, the gap between filings in the state courts is an "unreasonable"

27

28

6

1   period of time, longer than 6 months, that may not be statutorily tolled. See Chavis, 546 U.S. at 201.[5]

2   The Court determines that absent sufficient equitable tolling, Petitioner's federal habeas petition

3   is untimely.

4   **C.     Equitable tolling**

5   Although Petitioner has not explicitly requested equitable tolling, the Court reads Petitioner's

6   repeated statement that he was "denied access to the law library at HDSP and the impediment was not

7   removed and is entitled to tolling" as an implicit request for such.  (Doc. No. 21 at 6-12.)  However,

8   "[t]o be entitled to equitable tolling, [Petitioner] must show '(1) that he has been pursuing his rights

9   diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."

10  Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418

11  (2005)).  Equitable tolling is unavailable in most cases, and "the threshold necessary to trigger equitable

12  tolling is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th

13  Cir. 2002).

14  In his Oppositions to Respondent's Motion to Dismiss (Doc. Nos. 19; 21), Petitioner has not set

15  forth any facts to support his claim that denial of access to the prison law library impeded his efforts to

16  file a federal petition.  He merely repeats the same phrase six times on six consecutive pages and cites

17  various cases in succession.    Generally, delay in gaining access to the prison library is not a ground for

18  equitable tolling. However, even liberally construed, Petitioner's claim is unsupported and Petitioner

19  has not shown circumstances amounting to equitable tolling in this regard.  In sum, Petitioner has not

20  presented any "extraordinary circumstance" in order to warrant equitable tolling of the statute of

21  limitations.[6]

22

23  [5]The Court notes that "gap tolling" generally applies during the period between a lower state
    court's denial of a habeas claim and the filing of a petition in a higher court, as long as the subsequent
24  petition is filed in the higher court within a "reasonable time." See Chavis, 546 U.S. at 198.  Here,
    Petitioner received a denial of his state petition from the Court of Appeal and instead of filing a
25  subsequent petition in the California Supreme Court, he went back to the San Diego Superior Court to
    file two new state petitions for writs of habeas corpus, which he later consolidated in his state petition
26  to the California Supreme Court.  However, as Petitioner is a *pro se* litigant, this Court fully analyzes
    Petitioner's claims within its discretion.
27

28  [6]Petitioner attempts to raise the argument that his federal petition may be granted review under
    the "actual innocence" gateway. (Doc. No. 21 at 16.)  A habeas petitioner can overcome a procedural
    default and obtain federal review of the merits of his claims by "demonstrat[ing] that failure to consider

**IV.**

**CONCLUSION**

For the reasons set forth above, the Court recommends Defendants' Motion to Dismiss be

**GRANTED**; and Plaintiff's Complaint be dismissed without prejudice.  This Report and

Recommendation is submitted to United States District Judge M. James Lorenz, pursuant to 28

U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern

District of California.

Any written objections to this Report and Recommendation must be filed with the Court and

a copy served on all parties on or before **June 25, 2010**. The document should be captioned

"Objections to Report and Recommendation."

Any reply to the objections shall be served and filed on or before **July 9, 2010**. The parties

are advised that failure to file objections within the specified time may waive the right to raise those

objections on appeal of this Court's order.  Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir. 1991).

DATE: June 4, 2010

Peter C. Lewis
U.S. Magistrate Judge
United States District Court

cc:      The Honorable M. James Lorenz
         All Parties and Counsel of Record

---

the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 732 (1991). To qualify for relief, Petitioner must demonstrate his case falls "within the 'narrow class of cases ... [involving] extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime'." Smith v. Baldwin, 510 F.3d 1127, 1139 (9th Cir. 2007) (quoting McCleskey v. Zant, 499 U.S. 467, 494 (1991)). A claim of actual innocence in this context is procedural, in that it allows a habeas petitioner to obtain federal review of his claims on the merits where they would otherwise be barred by procedural error. Smith, 510 F.3d at 1139 (citing Schlup v. Delo, 513 U.S. 298, 314 (1995)). Such relief is available only where petitioner shows "that, in light of all available evidence, it is more likely than not that no reasonable juror would convict him of the relevant crime." Smith, 510 F.3d at 1140 (citing House v. Bell, 547 U.S. 518 (2006)).

Here, Petitioner briefly mentions the argument on one page of his second Opposition to Respondent's Motion to Dismiss but does not offer any facts or additional arguments in support of his position that that this is one of the rare circumstances in which the Court should permit him to proceed on habeas corpus despite the running of the statute of limitations.  Petitioner has not made a prima facie showing "that it is more likely than not that no reasonable juror would have found" him innocent of the commitment offense.  Smith, 510 F.3d at 1140.  Therefore, the Court declines to analyze whether review of Petitioner's claims is merited under the "actual innocence" gateway.

8