UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY EUGENE LARSON, <br><br>                    Petitioner, <br><br> v. <br><br> CARRASCO, Warden, *et al.* <br><br>                    Respondents. | Civil No. 09cv745-L(PCL) <br><br> **ORDER ADOPTING IN PART THE REPORT AND RECOMMENDATION AND REMANDING IN PART THE MATTER TO THE MAGISTRATE JUDGE FOR FURTHER REPORT AND RECOMMENDATION** |

    Petitioner Harvey Eugene Larson, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The case was referred to United States Magistrate Judge Peter C. Lewis for a report and recommendation pursuant to 28 U.S.C. Section 636(b)(1)(B) and Civil Local Rule 72.3. Petitioner subsequently twice amended the petition. His operative petition is the Second Amended Petition for Writ of Habeas Corpus ("Petition"). Respondent filed a motion to dismiss the Petition as time-barred under 28 U.S.C. § 2244(d). Petitioner opposed the motion. The Magistrate Judge issued a Report and Recommendation recommending the Petition be dismissed. Pursuant to Federal Rule of Civil Procedure 72(b)(2) Petitioner filed objections to the Report and Recommendation, to which Respondent did not respond. For the reasons which follow, the Report and Recommendation is **ADOPTED IN PART**. The matter is **REMANDED** to the Magistrate Judge for a further report and recommendation on the issues listed below.

In reviewing a magistrate judge's report and recommendation, the district court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

The Report and Recommendation found that the Petition was time-barred and recommended dismissal. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "sets a one-year statute of limitations for filing a federal habeas petition seeking relief from a state court judgment." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009); *see also* 28 U.S.C. § 2244(d)(1). Generally, the statute runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The judgment in Petitioner's case became final on July 30, 2002 and, in the absence of tolling, the statute of limitations expired on July 30, 2003. (*See* Report and Recommendation ("R&R") at 4.) The original petition in federal court was filed in March 2009.[1]

Once the statute of limitations begins to run, statutory and equitable tolling may suspend it for specific periods of time. A petitioner may be entitled to statutory tolling under 28 U.S.C. Section 2244(d)(2), which provides in pertinent part,

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The Magistrate Judge applied statutory tolling and found that at least two time periods adding up to approximately four years, from July 30, 2002 to November 23, 2003 and August 13, 2004 to May 29, 2007, when statutory tolling did not apply. (R&R at 4-7.) Accordingly, statutory tolling did not make Petitioner's filing timely. The Magistrate Judge found that equitable tolling did not apply because Petitioner did not set forth any facts in support of his

---

[1] The Report and Recommendation references only the filing of the Second Amended Habeas Corpus Petition on August 26, 2009. (R&R at 3.) Should the filing date become important for purposes of the statute of limitations, it appears that the filing of the initial petition would be relevant.

claim. (*Id*. at 7.) Last, the Magistrate Judge declined to analyze Petitioner's argument that his Petition may be granted review under the "actual innocence" gateway because Petitioner did not adequately articulate his argument. (*Id*. n.6.)

Petitioner argues that his filing in California Court of Appeal on May 14, 2003 should have triggered statutory tolling because it was properly filed and not untimely. He attempted to file a habeas petition on May 14, 2003, but it was rejected by the clerk because it consisted of a letter and exhibits only. (*See* Letter from Deputy Clerk of the Court of Appeal, Fourth Appellate District, dated May 14, 2003.) The clerk returned Petitioner's exhibits together with a form Petitioner should use to file a habeas petition. (*Id*.)

A habeas petition is considered "properly filed" for purposes of statutory filing "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (internal quotation marks, citations and footnote omitted.)

Petitioner argues that the petition was properly filed. He relies on authorities addressing the proper form of a *writ* of habeas corpus issued by the court. (*See* Objections at 4.) However, those authorities are irrelevant to the proper form of a habeas corpus *petition*. Petitioner also points to California Rules of Court 4.551 and 8.380, which allow the state court, for good cause, to accept for filing a habeas petition which is not presented on the Judicial Council form, if it contains the information which is called for by the form and California Penal Code Section 1474. Because Petitioner's letter to the court did not include this information, it was not filed. Petitioner's argument that his May 14, 2003 state court filing was a "properly filed" habeas petition is therefore rejected.

Petitioner's argument that his state habeas petition filed on November 23, 2003 was timely filed under California law and was therefore "properly filed" for purposes of statutory tolling is unavailing. By the time Petitioner filed his state habeas petition on November 23, 2003, the AEDPA statute of limitations had expired. (*See* R&R at 5.) A timely and otherwise properly filed state habeas petition, which is filed after the expiration of the AEDPA statute of

limitations, does not provide a basis for statutory tolling of the federal petition under the AEDPA.  *Ferguson v. Palamteer*, 321 F.3d 820, 823 (9th Cir. 2003).

Petitioner also argues that he is entitled to equitable tolling because of an intervening change in the law.  Based on *Townsend v. Knowles*, 562 F.3d 1200, 1205-06 (9th Cir. 2009), he argues that he is entitled to equitable tolling because the Ninth Circuit law regarding statutory tolling changed on April 27, 2005, when the United Supreme Court decided *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).  Although Petitioner is correct that equitable tolling may be based on an intervening change in the law, it is appropriate only "in the rare case where a petitioner relies on [a] legally erroneous [Ninth Circuit] holding in determining when to file a federal habeas petition."  *Harris v. Carter*, 515 F.3d 1051, 1057 (9th Cir. 2008); *see also Townsend*, 562 F.3d at 1205-06.  This in not the case here, because the statute of limitations expired on July 30, 2003 – before the Supreme Court decided *Pace*.

In his objections Petitioner provided an affidavit with voluminous exhibits in support of his claim that the statute of limitation should be equitably tolled because his legal work was confiscated and sometimes destroyed, and because of lack of access to the law library.  Although ordinary prison limitations on access to the law library without more do not warrant equitable tolling, lack of access to Petitioner's legal work may warrant it.  *See Ramirez*, 571 F.3d at 998.  Furthermore, in support of his opposition to Respondent's motion to dismiss, Petitioner filed exhibits documenting his problems with prison mail, access to the law library and to his legal work (*see* docket no. 21 at 19-65); however, this evidence is not addressed in the Report and Recommendation.  With his objections Petitioner provided additional evidence regarding these issues.

Because the Magistrate Judge did not have an opportunity to consider this new evidence, and to provide him an opportunity to consider the previously filed exhibits, the issue of equitable tolling is remanded for a Report and Recommendation in light of Petitioner's evidence.  The Report and Recommendation shall include consideration of the issue whether the limitations on Petitioner's access to the law library were ordinary limitations inherent in prison life, or amounted to an extraordinary circumstance sufficient to justify equitable tolling.  The Report

and Recommendation shall also include consideration of the issues whether Petitioner's difficulties with prison legal mail and/or access to his legal materials warrant equitable tolling.

Petitioner also argues that his Petition is timely because of a State-created impediment to filing under 28 U.S.C. Section 2244(d)(1)(B). This issue was raised in Petitioner's opposition to Defendant's motion to dismiss (*see* docket no. 21 at 6-14), but is not addressed in the Report and Recommendation. (*See* R&R at 7.) Accordingly, this issue is remanded for a Report and Recommendation regarding tolling under 28 U.S.C. Section 2244(d)(1)(B) in light of Petitioner's evidence filed with his opposition and in support of his objections.

Furthermore, in his opposition Petitioner argued that the statute of limitations should be tolled because he was not able to discover the factual predicate of his claims before November 23, 2003. (Docket no. 21 at 6.) This issue is not addressed in the Report and Recommendation and is therefore also remanded for consideration.

Last, Petitioner raised "actual innocence gateway" as a ground to circumvent the statute of limitations. This argument is unavailing because "there is no 'actual innocence' exception to the one-year statute of limitation for filing of an original petition for habeas corpus relief." *See Lee v. Lampert*, __ F.3d __, 2010 WL 2652505 (9th Cir. Jul. 6, 2010).

Based on the foregoing, the Report and Recommendation **ADOPTED IN PART AND REMANDED IN PART** to the Magistrate Judge as provided herein. Although Petitioner has a right to object to the report and recommendation issued after remand, *see* Fed. R. Civ. P. 72(b)(2), in the absence of Petitioner's showing of good cause, the Court is not inclined to consider evidence or argument which was not already provided with Petitioner's opposition to Respondent's motion to dismiss or in support of his objections to the Report and Recommendation.

**IT IS SO ORDERED.**

DATED: August 23, 2010

M. James Lorenz
United States District Court Judge

COPY TO:

HON. PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL