1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

8

**SOUTHERN DISTRICT OF CALIFORNIA**

9

HARVEY EUGENE LARSON

Civil No.        09cv0745 L (PCL)

10

Petitioner,

11

vs.

**SECOND REPORT AND
RECOMMENDATION
ON MOTION TO DISMISS PETITION
FOR WRIT OF HABEAS CORPUS**

12

CARRASCO, Warden, et al.,

13

Respondents.

14

**I.**

15

**INTRODUCTION**

16

Petitioner, Harvey Eugene Larson ("Petitioner"), has filed a Petition for Writ of Habeas Corpus

17

pursuant to 28 U.S.C. § 2254 challenging his 2000 conviction for resisting an officer and exhibiting a

18

deadly weapon to resist arrest in San Diego Superior Court case number SCE195230.  (Doc. No. 9.)[1]

19

Following Respondent's Motion to Dismiss the Petition for failure to file within the statute of

20

limitations, and this Court's Report and Recommendation recommending dismissal, the District Court

21

ordered the matter remanded for further consideration of three specific issues: (1) whether Petitioner

22

was entitled to equitable tolling; (2) whether a state-created impediment to filing the petition existed so

23

as to toll the statute of limitations; and (3) whether Petitioner was able to discover the factual predicate

24

of his habeas claims before November 23, 2003.  (See Doc. No. 36 at 4-5.)

25

26

[1]The court notes the operative Petition in this case is Petitioner's Second Amended Petition for
Writ of Habeas Corpus.  (Doc. No. 9.)  Following the transfer of this matter from the Eastern District

27

of California on April 9, 2009, the District Court dismissed Petitioner's Petition for Writ of Habeas
Corpus (Doc. No. 1) and First Amended Petition for Writ of Habeas Corpus (Doc. No. 5) for failure to

28

pay the requisite filing fee and for failure to allege exhaustion of state court remedies, respectively.  (See
Doc. Nos. 2; and 6.)  However, if the filing date should become important for purposes of fulfilling the
statute of limitations, the date of filing of the initial petition would be relevant.

# I.

## PROCEDURAL BACKGROUND RELATED TO THIS ORDER FOR REMAND

Petitioner filed the operative Petition for Writ of Habeas Corpus in this Court on August 26, 2009. (Doc. No. 9.)   On February 25, 2010, Respondents filed a Motion to Dismiss seeking dismissal of the Petition for failure to file within the statute of limitations.  (Doc. No. 15.)  On April 8, 2010 and April 16, 2010, Petitioner opposed the Motion.  (Doc. Nos. 19; 21.)  This Court filed a Report and Recommendation recommending dismissal because the Petition was filed beyond the statute of limitations.  (See Doc. No. 26.)

Thereafter, District Court Judge Lorenz filed an Order Adopting in Part the Report and Recommendation and Remanding in Part the Matter to the Magistrate Judge for Further Report and Recommendation.  (Doc. No. 36.)  In the Order, Judge Lorenz remanded the matter for consideration of three issues: (1) whether Petitioner is entitled to equitable tolling of the statute of limitations due to denied access to the law library and problems with his legal mail; (2) whether a state-created impediment to filing the petition existed so as to toll the statute of limitations; and (3) whether Petitioner was able to discover the factual predicate of his habeas claims before November 23, 2003.[2]  (See Doc. No. 36 at 4-5.)  Regarding the issue of equitable tolling, the Order specifically states:

> the issue of equitable tolling is remanded for a Report and Recommendation in light of Petitioner's evidence.[3]  The Report and Recommendation shall include consideration of the issue whether the limitations on Petitioner's access to the law library were ordinary limitations inherent in prison life, or amounted to an extraordinary circumstance sufficient to justify equitable tolling. The Report and Recommendation shall also include consideration of the issues whether Petitioner's difficulties with prison legal mail and/or access to his legal materials warrant equitable tolling.

(Doc. No. 36 at 4-5.)

Pursuant to the District Court's Order, this Court has considered Petitioner's Oppositions to

---

[2]Petitioner's judgment became final in the state court on July 30, 2002.  (Doc. No. 26 at 4; Lodgment 3.)  Petitioner's time period for filing a state habeas petition under the AEDPA concludes one year after Petitioner's judgment becomes final; on July 30, 2003. See 28 U.S.C. § 2244(d)(1).Thereafter, Petitioner did not file a state habeas petition until November 23, 2003.  (Lodgment 3.)

[3]The Order directs this Court to consider the following evidence:(1) "In his objections Petitioner provided an affidavit with voluminous exhibits in support of his claim that the statute of limitation should be equitably tolled because his legal work was confiscated and sometimes destroyed, and because of lack of access to the prison law library;" and (2) "[I]n support of his opposition to Respondent's motion to dismiss, Petitioner filed exhibits documenting his problems with prison mail, access to the law library and to his legal work (see docket no. 21 at 19-65)."

2

1  Respondent's Motion to Dismiss (Doc. Nos. 19; 21), Petitioner's Objection to Magistrate Judge's Report

2  and Recommendation (Doc. No. 28), Petitioner's Amendment to Objection to Magistrate Judge's Report

3  and Recommendation (Doc. No. 35), Petitioner's Affidavit in Support of Irreparable Injury and

4  Supplemental Opposition (Doc. No 42), and Petitioner's Notice Regarding Exhibit Attachment (Doc.

5  No. 44).  Based upon the evidence presented in these documents, and for the reasons set forth below,

6  the Court recommends that the Motion to Dismiss be **GRANTED.**

7  **III.**

8  **DISCUSSION**

9      This Report and Recommendation (R&R) is limited to the analysis of whether equitable tolling

10  applies to this Petition; whether a state-created impediment to timely filing of the petition existed; and

11  whether Petitioner was able to discover the factual predicate of his habeas claims before the filing of

12  his first state habeas petition on November 23, 2003.  (See Doc. No. 36 at 4-5.)   In analyzing these

13  issues, the Court notes that the directive Order in this case has already determined that statutory tolling

14  of the statute of limitations is not applicable.  (Id. at 3-4.)  Therefore, the only relevant period during

15  which equitable tolling may apply is from July 30, 2002 (the date Petitioner's judgment became final

16  in the state courts) and July 30, 2003 (the expiration of the statute of limitations).  (Id. at 3.)

17  A.    **Petitioner is Not Entitled to Equitable Tolling of the Statute of Limitations For Denied
Access to Law Library and Problems With Legal Mail**

18

19      Petitioner contends he is entitled to equitable tolling of the statute of limitations because "his

20  legal work was confiscated and sometimes destroyed, and because of lack of access to the law library."

21  (Doc. No. 36 at 4; Doc. No. 28 at 9.)

22      Generally, an untimely petition must be dismissed under 28 U.S.C. § 2244(d) unless petitioner

23  is entitled to equitable tolling of the one-year limitation period. Tillema v. Long, 253 F.3d 494 (9th Cir.

24  2001) contains a clear statement of the basic law governing equitable tolling of the AEDPA statute of

25  limitations:

26      As we have previously held, "[w]hen external forces, rather than a petitioner's lack of
diligence, account for the failure to file a timely claim, equitable tolling of the statute

27  may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999); see also
Calderon v. United States Dist. Court (Kelly), 128 F.3d 1283, 1288-89 (9th Cir. 1997),

28  overruled on other grounds by Calderon v. United States Dist. Court, 163 F.3d 530 (9th
Cir. 1998) (en banc) (petitioner entitled to equitable tolling where petitioner's counsel
withdrew and left replacement counsel with unusable work product that made timely

1    filing impossible); Calderon, 163 F.3d at 541-42 (petitioner entitled to equitable tolling
2    because the district court ordered a stay preventing petitioner's counsel from filing a
     timely habeas petition and because petitioner was allegedly mentally incompetent).

3    Tillema, 253 F.3d at 504.

4        However, the Ninth Circuit Court of Appeals has also made clear that equitable tolling is

5    unavailable in most cases. Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002); Miles v. Prunty, 187

6    F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling is only appropriate "if extraordinary circumstances

7    beyond a prisoner's control make it impossible to file a petition on time." Miranda, 292 F.3d at 1066

8    (quoting Calderon v. United Stated Dist. Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled

9    in part on other grounds by Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir.

10   1998)(en banc)). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very

11   high, lest the exceptions swallow the rule.'" Miranda, 292 F.3d at 1066 (quoting United States v.

12   Marcello, 212 F.3d 1005, 1010 (7th Cir.), cert. denied, 531 U.S. 878, 121 S. Ct. 188, 148 L. Ed. 2d 130

13   (2000)). Additionally, the statute of limitations is subject to equitable tolling only when an inmate

14   diligently pursues his claims. Woodward v. Williams, 263 F.3d 1135, 1142 -1143 (10th Cir.2001).

15       In his supporting documents, Petitioner argues many things.  The Court notes Petitioner's

16   documents amount to 530 pages of repeated arguments, exhibits and previous court filings in this and

17   various other matters in both federal and state court.[4]  Among Petitioner's supporting exhibits are letters

18   to and from state courts, complaints and orders from other civil filings in the Eastern District of

19   California and numerous prison grievances Petitioner has filed over the years.  As this Court has read

20   Petitioner's Oppositions (Doc. Nos. 19; 21), Objections to the R&R[5] (Doc. Nos. 28; 35) and

21   Supplemental Documents[6] in support of Petitioner's arguments (Doc. Nos. 42; 44), every argument

22

23       [4]As it appears Petitioner is a party in approximately 34 other state and federal cases, he has a
24   multitude of court filings to his credit and has submitted documents pertaining to those cases seemingly
     in support of his opposition to the pending motion to dismiss.  (Doc. No. 42-3 at 93-94.)

25       [5]Petitioner's Amendment to Objections to Magistrate Judge's Report and Recommendations
26   presents solely the argument that Petitioner is entitled to review under the "actual innocence gateway"
     and will therefore not be reviewed in this Recommendation. The District Court has already determined
27   that "there is no 'actual innocence' exception to the one-year statute of limitation for filing of an original
     petition for habeas corpus relief."  (Doc. No. 36 at 5.)

28       [6]Petitioner's Objections to Report and Recommendations (Doc. No. 28) of 199 pages , and his
     Affidavit in Support of Irreparable Injury and Supplemental Opposition (Doc. No. 42) of 247 pages are
     mostly identical as both contain the same filings in other civil cases Petitioner has initiated in the

1  made in support of equitable tolling is analyzed below.

2      Petitioner first argues that he "was denied access to the law library and legal materials (habeas

3  forms + copy) at High Desert State Prison 12-05-00 (recieving) until 11-15-07 (transfer)." (Doc. No.

4  21 at 6.)[7] He also mentions that "Defendant Reveris" was the law library clerk from 2000 through 2005

5  and he "ducated plaintiff's wkly [sic] requests for law library ... since incarceration here 12-05-00."[8]

6  (Doc. No. 21 at 42.)  The Court takes this argument as a blanket assertion that Petitioner was denied

7  library access from 2000 to 2005.  However, in the same document, one line down, Petitioner states:

8          [P]laintiff was not allowed law library because of lockdown security. ... the prison is
          locked down for months [and] months and off lockdown for 3 weeks before another
9          lockdown.  Many times on lockdown after prison is off lockdown for a day.  Plaintiff
          needs law library to research civil cases, obtain forms, paper, and make copy for the
10         court.  Plaintiff needs law library for work on habeas corpus.  It is very real that inmates
          have gotten sentence modifications, new trials and released by use of law library.

11

12 (Doc. No. 21 at 42; Doc. No. 42-2 at 2-3; Doc. No. 42-3 at 54-55.)[9]

13      Even if this Court determines that Petitioner's argument relates to the period of time from July

14 30, 2002 to July 30, 2003, mere delay in gaining access to the prison library is not a ground for equitable

15 tolling. "Prisoners familiar with the routine restrictions of prison life must take such matters into account

16 when calculating when to file a federal [habeas] petition." Boyd v. Kramer, 2008 U.S. Dist. LEXIS

17 67188, *18 (E.D. Cal. Mar. 21, 2008) (quoting Atkins v. Harris, 1999 U.S. Dist. LEXIS 164, *6 (N.D.

18 Cal. Jan. 7, 1999) (reasoning that lockdowns, restricted library access and transfers do not constitute

19 extraordinary circumstances sufficient to equitably toll the [AEDPA] statute of limitations.); see also

20 _____

21 Eastern District and various state courts.  As they are mostly irrelevant to the statute of limitations issue
   analyzed here because they date after 2003, they were reviewed but will not be discussed except where
22 relevant.

23      [7]This argument is repeated various times in Plaintiff's supporting documents in addition to those
   referenced in the Discussion section of this R&R.  (See Doc. No. 28-3 at 6-10; Doc. No. 42-3 at 69-73.)

24      [8]Petitioner also implicates a "Defendant Williams" in this argument, however, Petitioner later
25 states "Defendant Williams worked in law library 2005-2007."  (Doc. No. 21 at 43; Doc. No. 42-3 at
   65.)  Because the relevant statutory period ended in 2003, the law librarian from 2005 to 2007 is
26 irrelevant here.

27      [9]These arguments appear to be from a Complaint in a civil case which Plaintiff filed on May 12,
   2008.  (Doc. No. 21 at 42-43; Doc. No. 42-2 at 2-3.)  However, as they relate to denied access to the law
28 library, the Court analyzes them here.  The court also notes Petitioner submitted a CDCR Memorandum
   dated February 20, 2001 pertaining to "Lockdown Status Regarding Black, Southern Mexicans, White,
   and Mexican Nationals Inmates."  This memorandum states Library access is restricted to inmates with
   "GLU and PLU, by appointment only."  (Doc. No. 42-4 at 80-86.)

1   _Lindquist v. Idaho State Board of Corrections_, 776 F.2d 851, 858 (9th Cir. 1985) ("[T]he Constitution

2   does not guarantee a prisoner unlimited access to a law library.")

3           Here, Petitioner's argument is unavailing.  First, lockdowns and restricted library access do not

4   constitute sufficient extraordinary circumstances amounting to equitable tolling.  Even if the Court

5   credited Petitioner's argument that "Petitioner could not get forms and had to write to the court to obtain

6   forms that took a long time because of the guards interference with Petitioner's mail," there is no

7   support that guards interfered with the mail because Petitioner does not show any grievances regarding

8   this alleged interference.  Moreover, delays in receipt of inmate mail are generally ordinary limitations

9   inherent in prison life.  Second, the record shows Petitioner attempted to file a Petition in the Court of

10  Appeal sometime in May of 2003, however, that filing was returned to Plaintiff because it was

11  improperly filed.[10]  Because this attempted filing was within the statute of limitations, it appears

12  Petitioner had sufficient access to some legal materials or the law library to file a legal document.[11]

13  Therefore, his ability to file a petition within the statute of limitations was not completely impaired by

14  his limited access to the prison law library.

15          Relating to his argument in support of equitable tolling, Petitioner also filed an "Affidavit in

16  Support of Objections to Magistrate Judge's Report and Recommendations" listing the following:

17      Denied access to law library at High Desert State Prison
        ...
18      2002: May 1, the California Supreme Court denied petition.  The guards have destroyed
        the page of mail list showing dates Petitioner requested law library to prepare a writ of
19      habeas corpus challenging the conviction and sentence of trial court.  Petitioner was
        ducated to law library in June and December.  Petitioner filed 602s that have been
20      stold[sic] by guards.
        2003: January - March mail list destroyed by guards showed dates of requests made for
21      law library and date of 602s pertaining to being denied law library access to prepare writ
        of habeas corpus challenging the conviction and sentence of trial court.
22      April 24 + 29, requested law library
        May 29, requested law library
23

24          [10]Although this attempted filing was within the statutory limitations period, District Judge
        Lorenz has already rejected this argument.  (See Doc. No. 36 at 3 ("Petitioner's argument that his May
25      14, 2003 state court filing was a "properly filed" habeas petition is therefore rejected.")) This Court uses
        the attempted filing instance merely to illustrate that Petitioner was able to send documents to the court
26      within the statutory period but failed to do so properly, notwithstanding his limited or nonexistent access
        to the law library.
27
            [11]By Petitioner's own admission, it appears he filed a civil case in the Eastern District in 2001;
28      _Larson v. Castro_, 01cv0488 DFL (JFM).  (Doc. No. 42-3 at 94.)  Therefore, it would seem that
        Petitioner had knowledge of and access to the legal forms and information required to adequately file
        a claim in federal court prior to the limitations period ending in 2003.

6

1
2
3

June 3, requested law library
July - August mail list destroyed by guards showed date of requests made for law library and date of 602s pertaining to being denied law library access to prepare writ of habeas corpus challenging the conviction and sentence of trial court.

4

(Doc. No. 28-1 at 1-2.)[12]

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

The Court reiterates that Petitioner attempted to file a Petition in the Court of Appeal sometime in May of 2003 notwithstanding his alleged denials of access to the law library. If Petitioner was able to gather enough exhibits and information to file what was recognized by the Court of Appeal as a habeas petition, it would appear to the Court that he had enough access to the law library and information to file a proper petition. Moreover, Petitioner's allegation of guards destroying his "mail list" and requests for use of the law library are not persuasive. Petitioner presents no 602 forms dating prior to 2005 to that effect. The California Department of Corrections (CDCR) is required to evaluate and respond to every 602 grievance filed within the prison and to provide inmates a copy of the decisions rendered. It seems unlikely that Petitioner's forms pertaining to denied library access during the statutory time period were destroyed, yet Petitioner submits 602 grievance forms and CDCR responses in support of his allegations of denied library access[13] and stolen materials from 2005 to 2008. (See Doc. No. 28-1 at 44-61, 63-67, 73, 83, 85; Doc. No. 28-3 at 17-24; Doc. No. 21 at 45-51; Doc. No. 42-2 at 4-11; Doc. No. 42-3 at 55-59, 66-68; Doc. No. 42-4 at 46-55, 79; Doc. No. 44 at 3-4, 6-9.) Even if the Court were to accept these documents as evidence of hardships to Petitioner in attempting to file his legal pleadings, these instances all date *after* 2003. While Petitioner may have had difficulties maintaining his legal materials in 2005 and beyond, that is irrelevant to the analysis of whether equitable

21
22
23

[12]Petitioner's Affidavit contains a timeline of events from 2000 to 2009. (See Doc. No. 28-1 at 1-6.) However, as the only relevant time frame is the statutory limitations period from July 30, 2002 to July 30, 2003, only events within that time frame are analyzed here.

24
25
26
27
28

[13]Petitioner's pleading for another civil case indicates that Plaintiff argues he is entitled to "10 h[ou]rs per w[ee]k to the law library." (Doc. No. 28-3 at 43; Doc. No. 42-3 at 37.) Petitioner cites Lewis v. Casey, 518 U.S. 343 (1996) for this proposition. In Lewis, the facts state that the Arizona District Court ordered an injunction granting this mandatory library privilege to inmates but the Supreme Court of the United States *reversed* holding that the District Court's injunction mandating systemwide changes in prison law libraries and legal assistance programs was improper because it failed to take into account the discretion of prison authorities in imposing restrictions on library use. Therefore, while Petitioner takes the portion of the opinion which best suits his case, this authority actually holds the opposite of his argument.

1  tolling applies during the period Petitioner's Petition should have been filed: July 30, 2002 to July 30,

2  2003.

3        Petitioner then argues he is "entitled to equitable tolling based on a [sic] intervening change in

4  the law." (Doc. No 28 at 8.)  Without articulating what change occurred in the law preventing him from

5  filing his petition on time, Petitioner cites a Daily Appellate Report of Wednesday April 22, 2009,

6  Townsend v. Knowles, 562 F.3d 1200 (9th Cir. 2009), and Pace v. DiGuglielmo, 544 U.S. 408 (2005)[14]

7  in support of his position.  First, the Court cannot adequately address the argument if Petitioner does not

8  articulate what change occurred that prevented him from filing a timely petition.  Second, if the cases

9  cited indicate the change in law that occurred to affect Petitioner's filing, all of the cited authorities were

10  decided or published after 2003.  This would make the authorities irrelevant in determining whether

11  equitable tolling applies during the relevant statutory period.

12        Lastly, Petitioner alleges he is entitled to statutory tolling because he "had no knowledge of

13  procedural rules." (Doc. No. 28 at 9.)  He argues that his petition would have been timely but "[t]he

14  Clerk of the Court of Appeal said there is not a time limit in which to file a habeas petition so Petitioner

15  does not have to ask for a continuance." (Id.; see also Doc. No. 21 at 20.)  In support of this contention,

16  Petitioner submits one letter from the Court of Appeal dated January 23, 2004.  (Doc. No. 21 at 20.)

17  The Court notes there are no additional facts about this document such other than the fact that it was sent

18  from the Court of Appeal to Petitioner sometime in 2004.  First, 2004 is after the relevant statutory

19  period for which he may or may not be entitled to equitable tolling because the period ended July 30,

20  2003.  Second, Petitioner submitted this copy of the letter from the Court of Appeal to show that he was

21  told there was no time limit to file petitions for writ of habeas corpus and he was ignorant of the statute

22  of limitations. In this regard, the Ninth Circuit has held that claims of ignorance of the law and illiteracy

23  are insufficient to justify equitable tolling. See, e.g., Hughes v. Idaho State Bd. of Corrections, 800 F.2d

24  905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but

25

26        [14]In Townsend, the Court of Appeals for the 9th Circuit determined that although petitioner was
   not eligible for statutory tolling under § 2244(d)(2) under the Pace decision, the court held that
27  petitioner was entitled to equitable tolling because he relied on the Ninth Circuit's then-existing Dictado
   rule, which would have rendered his petition timely pre-Pace. Alternatively, Pace held that time limits,
   no matter their form, were filing conditions. 544 U.S. at 417.  Because the state court rejected
28  petitioner's petition as untimely, it was not properly filed, and he was not entitled to statutory tolling
   under § 2244(d)(2). Id. at 418.  The petitioner in Pace was not entitled to equitable tolling because he
   had not established the requisite diligence

8

insufficient to establish cause); <u>Kibler v. Walters</u>, 220 F.3d 1151, 1153 (9th Cir. 2000) (lack of knowledge of state law not cause); <u>see also</u>, <u>Marsh v. Soares</u>, 223 F.3d 1217, 1220 (10th Cir. 2000); <u>Fisher v. Johnson</u>, 174 F.3d 710 (5th Cir. 1999); <u>Rose v. Dole</u>, 945 F.2d 1331, 1335 (6th Cir.1991). Moreover, the Court determines this letter from the Clerk of the Court of Appeal was sent to Petitioner on January 23, 2004, thereby making this argument irrelevant to the statutory period at issue. Petitioner's argument in this regard is unpersuasive and the Petition should be dismissed as to this ground.

**B.   Petitioner Cannot Show a State-created Impediment to Timely Filing of the Petition**

Petitioner raises this argument in his first Opposition to Respondent's Motion to Dismiss at page 6. (<u>See</u> Doc. No. 21.)  Petitioner states:

> Petitioner was denied access to the law library and legal materials (habeas forms + copy) at High Desert State Prison 12-05-00 (recieving)[sic] until 11-15-07 (transfer) did constitute state created impediment rendering Petitioner with no legal knowledge of issues to raise or time limits on filing incapable of preparing and filing an application for habeas corpus relief.

(<u>Id.</u> at 6.)

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1) which states, in relevant part:

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

28 U.S.C. § 2244(d)(1)(B) (LEXIS 2010).  The Ninth Circuit has expressly held that a state-created impediment under § 2244(d)(1)(B) exists only when a petitioner, as a result of unconstitutional state action, has been impeded with respect to the filing of a habeas petition. <u>See</u> <u>Shannon v. Newland</u>, 410 F.3d 1083, 1087-88 (9th Cir. 2005).  Such impediment may occur, for example, when state prison officials interfere with an inmate's ability to prepare and file a habeas petition by denying access to legal materials.

However, Petitioner's only evidence in support of his argument is his own declaration that prison guards destroyed his legal property.  Petitioner presents no 602 grievance forms showing the instances occurred, yet is able to produce grievance forms showing all the times he complained of prison guards denying him access to his legal materials *after* 2005.  Similarly, Petitioner makes no showing of his own diligence in pursuing his legal claims within the statutory deadline.  Deprivation of legal materials in

some instances may constitute "extraordinary circumstances" entitling a petitioner to equitable tolling. Salceda v. Salazar, 2010 U.S. Dist. LEXIS 19118 (S.D. Cal., March 3, 2010). "Nonetheless, the burden is upon the Petitioner to demonstrate both his own diligence and that the lack of access to materials actually caused the untimely filing." Id. (quoting Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (remanding to district court to consider petitioner's diligence and whether lack of files actually contributed to inability to timely file petition); see also, Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1013 (9th Cir. 2009) (even though petitioner was deprived of his legal materials for some period of time, petitioner failed to demonstrate his petition, filed 340 days late, could not have been filed earlier with the exercise of due diligence).

Petitioner makes no showing of due diligence in the numerous pages of documents submitted to this Court other than to show he has filed countless other lawsuits in federal and state court all dating after 2003.   Petitioner's Petition should be dismissed as to this ground..

**C.     Petitioner Was Able to Discover the Factual Predicate of his Claims Before November 23, 2003**

Petitioner presents this argument in his "Affidavit in Support of Irreparable Injury / Opposition to Respondent's Motion to Dismiss Habeas Petition" filed October 15, 2010.[15]  (Doc. No. 42.)  In his 247-page Affidavit, Petitioner states: "Petitioner was denied access to the law library and prevented from discovering the factual predicate of claims before November 23, 2003." (Id. at 1.)   Petitioner reiterates: "High Desert State Prison was locked down 6 out of 7 years 2000 - 2007, preventing access to the law library and discovering the factual predicate of claims."  (Id.)  While Petitioner cleverly blends one ground for equitable tolling into another, Petitioner's argument is unpersuasive.

Generally, it is not knowledge of some facts pertinent to a claim that constitutes discovery of a factual predicate within the meaning of § 2244(d)(1)(D); rather, it is knowledge of facts constituting

---

[15]Petitioner first raises this argument in his first Opposition to Respondent's Motion to Dismiss, as noted above. (Doc. No. 21 at 6.) Petitioner then mentions the following in his first Objections to the previous R&R in this case: "Petitioner was not notified he should pursue his claim in state court." (Doc. No. 28-4 at 14.)  This statement is contained within what looks like a draft of a Petition for Writ of Certiorari in the Supreme Court of the United States.  Therefore, the Court determines the statement is not meant to support his argument that he was not able to discover the factual predicate of his claims prior to November of 2003. This deduction is further reinforced by the fact that he also discussed a "3 strikes provision" which is irrelevant to the filing of a habeas petition.  (See Doc. No. 28-4 at 15; see also Doc. No. 42-3 at 13-15.)

10

1   reasonable grounds for asserting all elements of a claim in good faith. Hasan v. Galaza, 254 F.3d 1150,

2   1154-55 (9th Cir. 2001). The time begins to run when the petitioner knows, or through diligence could

3   discover,  the important facts, and not when the petitioner recognizes their legal significance. It is not

4   necessary for a petitioner to understand the legal significance of the facts themselves before the

5   obligation to exercise due diligence commences and the statutory period starts running. Id. at 1154 n.3.

6        Here, the factual predicate of Petitioner's habeas claims came about at the conclusion of

7   Petitioner's trial which occurred sometime in 2000.  (Lodgment 1 at 1; Lodgment 4 at 1.)  If Petitioner

8   contends he was prevented from discovering the legal predicate of his habeas claims due to the denied

9   access to the prison law library, that alone is not grounds for equitable tolling.[16]  Moreover, to the extent

10  Petitioner argues his denied access to the law library prevented him from accessing the legal materials

11  necessary to notify him of possible habeas claims, that argument is unavailing here.  As discussed in

12  Section A, *supra*, denied access to a prison library for security reasons is a justified measure of prison

13  authorities and an incident ordinary to prison life.  "Prisoners familiar with the routine restrictions of

14  prison life must take such matters into account when calculating when to file a federal [habeas]

15  petition."  Boyd, 2008 U.S. Dist. LEXIS at *18.  Petitioner's contentions that the access to legal

16  materials was difficult is insufficient to demonstrate extraordinary circumstances beyond his control.

17  Petitioner has not shown that he was diligent in pursuing his post-conviction review.  Therefore, this

18  petition is untimely filed and Petitioner is not entitled to equitable tolling of the limitations period. The

19  Petition should be dismissed.

20                                             **IV.**

21                                        **CONCLUSION**

22        For the reasons set forth above, the Court recommends Defendants' Motion to Dismiss be

23  **GRANTED**; and Plaintiff's Petition for Writ of Habeas Corpus be dismissed.  This Report and

24  Recommendation is submitted to United States District Judge M. James Lorenz, pursuant to 28

25  U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern

26  District of California.

27

28      [16]See, e.g., Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se
    prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause); Kibler
    v. Walters, 220 F.3d 1151, 1153 (9th Cir. 2000) (lack of knowledge of state law not cause);

1    Furthermore, pursuant to the District Court's Order of August 23, 2010, "in the absence of

2    Petitioner's showing of good cause, the Court is not inclined to consider evidence or argument

3    which was not already provided with Petitioner's opposition to Respondent's motion to dismiss or in

4    support of his objections to the Report and Recommendation."  (Doc. No. 36 at 5.)

5    DATE: <u>December 25, 2010</u>

6                                          _____
                                           Peter C. Lewis
7                                          U.S. Magistrate Judge
                                           United States District Court
8

9    cc:      The Honorable M. James Lorenz
             All Parties and Counsel of Record
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28