UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HARVEY EUGENE LARSON, | ) | Civil No. 09cv745-L(PCL) |
| | ) | |
| Petitioner, | ) | **ORDER ADOPTING IN PART** |
| | ) | **REPORT AND** |
| v. | ) | **RECOMMENDATION, GRANTING** |
| | ) | **RESPONDENTS' MOTION TO** |
| CARRASCO, Warden, *et al.*, | ) | **DISMISS, DISMISSING PETITION** |
| | ) | **AS TIME BARRED, AND DENYING** |
| Respondents. | ) | **MOTION FOR LEAVE TO AMEND** |
| | ) | |

Petitioner Harvey Eugene Larson, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. Section 2254. The case was referred to United States Magistrate Judge Peter C. Lewis for a report and recommendation pursuant to 28 U.S.C. Section 636(b)(1)(B) and Civil Local Rule 72.3. Petitioner subsequently twice amended the petition. The Second Amended Petition for Writ of Habeas Corpus ("Petition") is the operative pleading. Respondents filed a motion to dismiss the Petition as time-barred under 28 U.S.C. § 2244(d).

Petitioner opposed Respondents' motion to dismiss. In addition, he filed a pleading styled as "Additional Grounds Supplemental Pleading," which was presented on the Petition for Writ of Habeas Corpus form. The Magistrate Judge construed the pleading as a motion for leave to amend the Petition ("Motion for Leave to Amend"). (*See* Order filed Feb. 17, 2011.) The

/ / / / /

1    Magistrate Judge issued a Report and Recommendation ("Report and Recommendation")

2    recommending the Petition be dismissed.[1]

3         Pursuant to Federal Rule of Civil Procedure 72(b)(2) Petitioner filed objections

4    ("Objections"), to which Respondents did not respond.  For the reasons stated in the order issued

5    by the undersigned on August 23, 2010, the Report and Recommendation was adopted in part

6    and remanded in part to the Magistrate Judge.

7         After remand, the Magistrate Judge issued the Second Report and Recommendation on

8    Motion to Dismiss Petition for Writ of Habeas Corpus ("Second Report and Recommendation").

9    Petitioner filed a Motion to Expand the Record of Habeas Corpus Case to Include Supplemental

10   Pleading for Objections to Magistrate Judge Report and Recommendations ("Motion"), a

11   Request to File Supplemental Pleading ("Request") and Objections and Memorandum of Points

12   and Authorities to Second Report and Recommendation on Motion to Dismiss Petition for Writ

13   of habeas Corpus ("Second Objections").  Respondents did not file a response.

14        The court considered all materials submitted with Petitioner's Motion, Request and

15   Second Objections.  Upon consideration of the foregoing, for the reasons stated in the August

16   23, 2010 order and the reasons which follow, the Second Report and Recommendation is

17   **ADOPTED IN PART**.  To the extent Petitioner requested leave to file any further pleadings or

18   other materials, the request is **DENIED**.  Respondents' motion to dismiss is **GRANTED** and the

19   Petition is **DISMISSED** as time-barred.  Because Petitioner's Motion for Leave to Amend does

20   not address the statute of limitations issue and because amendment would be futile, the motion is

21   **DENIED**.

22        In the initial and the Second Report and Recommendation the Magistrate Judge found

23   that the Petition was time-barred and recommended dismissal.  The Antiterrorism and Effective

24   Death Penalty Act of 1996 ("AEDPA") "sets a one-year statute of limitations for filing a federal

25   habeas petition seeking relief from a state court judgment." *Ramirez v. Yates*, 571 F.3d 993, 997

26   (9th Cir. 2009); *see also* 28 U.S.C. § 2244(d)(1).  Generally, the statute runs from "the date on

27

28   _____

    [1]     The Report and Recommendation did not address the Motion for Leave to Amend.

1   which the judgment became final by the conclusion of direct review or the expiration of the time

2   for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  The judgment in Petitioner's case became

3   final on July 30, 2002 and, in the absence of any grounds to delay the start of the limitations

4   period or toll it once it begins to run, the statute of limitations expired on July 30, 2003.  (*See*

5   Report and Recommendation at 4.)   Petitioner did not file his federal petition until March 11,

6   2009.[2]

7          In the August 23, 2010 order this court found that Petitioner's first state habeas corpus

8   petition was not properly filed until November 23, 2003, after the expiration of the AEDPA

9   statute of limitations.  (Aug. 23, 2010 Order at 2-4, citing *Ferguson v. Palamteer*, 321 F.3d 820,

10  823 (9th Cir. 2003).)  The court also rejected Petitioner's argument that an intervening change in

11  the law equitably tolled the statute on the Petition.  (*Id*. at 4.)  Last, the court rejected Petitioner's

12  argument that the "actual innocence gateway" can be used to circumvent the AEDPA statute of

13  limitations.  (*Id*. at 5, citing *Lee v. Lampert*, 610 F.3d 1125 (9th Cir. 2010).)  These issues are not

14  revisited, but are incorporated by reference herein.

15         Because Petitioner had raised other issues in his opposition to Respondents' motion to

16  dismiss which were not addressed in the Report and Recommendation, they were remanded for

17  consideration by the Magistrate Judge in the first instance.  (*Id*. at 4-5.)  Accordingly, three

18  issues were remanded:  (1) whether equitable tolling could render the Petition timely due to the

19  limitation on Petitioner's access to the law library and difficulties with prison legal mail and

20  access to his legal materials; (2) whether a State-created impediment rendered the Petition

21  untimely; and (3) whether the statute of limitations should be tolled because Petitioner was not

22  able to discover the factual predicate of his claims before the statute ran out.  (*Id*.)  These issues

23  were considered in the Second Report and Recommendation and are the subject of this order.

24  The Magistrate Judge found that none of Petitioner's arguments in this regard were persuasive

25

26         [2]      It was dismissed with leave to amend on May 4, 2009 for failure to file an *in forma pauperis* application or pay the filing fee.  The first amended petition was filed on June 23, 2009

27  and was dismissed with leave to amend on July 21, 2009 for failure to allege exhaustion of State court remedies.  The operative petition was filed on August 18, 2009.  Throughout, Petitioner is

28  given the benefit of the mailbox rule.  *See Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).

1   and recommended dismissing the Petition as time-barred.  Petitioner objected to the Second

2   Report and Recommendation in all respects.

3        In reviewing a magistrate judge's report and recommendation, the district court "shall

4   make a *de novo* determination of those portions of the report . . . to which objection is made,"

5   and "may accept, reject, or modify, in whole or in part, the findings or recommendations made

6   by the magistrate judge.  The judge may also receive further evidence or recommit the matter to

7   the magistrate judge with instructions."  28 U.S.C. § 636(b)(1).

8        As pertinent in this case, the one-year AEDPA statute of limitations runs from the latest

9   of:

10        (A) the date on which the judgment became final by the conclusion of direct
           review or the expiration of the time for seeking such review;

11

12        (B) the date on which the impediment to filing an application created by State
           action in violation of the Constitution or laws of the United States is removed, if
           the applicant was prevented from filing by such State action;

13        . . . or

14        (D) the date on which the factual predicate of the claim or claims presented could
           have been discovered through the exercise of due diligence.

15

16   28 U.S.C. § 2244(d)(1).

17        Petitioner argues pursuant to section 2244(d)(1)(D) that the statute of limitations should

18   not begin to run until November 23, 2003 because he was unable to discover the factual

19   predicate of his claims before that time.  (Second Obj. at 12.)  He claims he could not discover

20   the factual predicate without access to the law library.  He asserts he "had no legal knowledge

21   and had to read law books in order to become aware of the facts that would allow him to assert

22   in objective good faith that he was prejudiced by the court and counsel."  (Second Obj. at 13.)

23   This is unavailing.  "Time begins to run when the prisoner knows (or through diligence could

24   discover) the important facts, not when the prisoner recognizes their legal significance.  *Hasan v.*

25   *Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001), quoting *Owens v. Boyd*, 235 F.3d 356, 359 (7th

26   Cir. 2000).  A petitioner "need not understand the legal significance of th[e] facts – rather than

27   simply the facts themselves – before the due diligence (and hence the limitations) clock started

28   / / / / /

1  ticking." *Id*.  Petitioner could not learn facts about his claims from law books.  Section

2  2244(d)(1)(D) therefore does not apply to delay the statute of limitations.

3        Petitioner next contends that the start of the statute of limitations should be delayed

4  because of a State-imposed impediment to filing.  (Second Obj. at 10.)   This argument is based

5  on two factual theories.  First, he claims that lack of access to the law library precluded him from

6  learning the AEDPA statute of limitations (*id*. at 11), and second that prison guards stole the

7  form he needed to file a habeas petition in State court (*id*. at 12).

8        With respect to access to the law library, Petitioner relies on *Whalem/Hunt v. Early*, 233

9  F.3d 1146 (9th Cir. 2000), which held that it may be possible to make a showing of a State-

10  created impediment when a prison law library does not stock legal materials which contain the

11  AEDPA statute of limitations and the petitioner is not otherwise aware of the statute of

12  limitations.  Petitioner here does not maintain that the prison law library did not stock the legal

13  materials necessary for him to discover the statute of limitations and does not contend that he

14  had no access to the library at all.  His complaint is that, due to prison lockdowns, his access to

15  the library was only infrequent.  After his conviction became final on July 30, 2002, he had

16  access to the library in December 2002, twice in 2003, and at similar infrequent intervals in the

17  years thereafter.  (Second Obj. at 1, 2 & 4 & Exh. at 1-6 (Aff. in Supp. of Objections to

18  Magistrate Judge's Report and Recommendations ("Aff.")).)   "To obtain relief under

19  § 2244(d)(1)(B), the petitioner must show a causal connection between the unlawful impediment

20  and his failure to file a timely habeas petition." *Bryant v. Schriro*, 499 F.3d 1056, 1060 (9th Cir.

21  2007).  Petitioner does not explain why he could not discover the AEDPA statute of limitations

22  during one of his early visits to the law library and therefore does not establish a causal

23  connection.  His argument that section 2244(d)(1)(D) should delay the start of the statute of

24  limitations due to lack of access to the law library is therefore rejected.

25        With respect to interference with his legal mail, Petitioner argues that the statute of

26  limitations should not begin to run until November 23, 2003.  In May 2003 Petitioner attempted

27  to file a petition in the state appellate court by submitting a letter with exhibits attached.  On

28  May 14, 2003 the court rejected the filing because Petitioner did not file it on the habeas form,

and apparently did not include sufficient information in his filing. (*See* Aug. 23, 2010 order at 3.)  On the same date, the court returned Petitioner's materials to him together with the appropriate form. (Second Obj., Exh. at 66 (May 14, 2003 letter from Deputy Clerk to Petitioner).)  Petitioner evidently received the letter, because it is included as an exhibit to many of his filings in this case. (*See, e.g., id.*)  However, he contends that the prison guards took the form attached to the letter, which delayed his filing until November 23, 2003, 2003.  (Second Obj. at 12 ("The guards stold [*sic*] the form sent to Petitioner May 14, 2003 that delayed the filing of the petition until November 23, 2003.").)  Petitioner's state conviction became final on July 30, 2002.  He has not shown there was any impediment to filing a habeas petition from July 30, 2002 until the May 14, 2003 letter, and has therefore not demonstrated that an impediment prevented him from filing at an earlier time.  Section 2244(d)(1)(B) therefore does not apply to delay the start of the statute of limitations.

Because neither section 2244(d)(1)(B) nor (D) apply to postpone the start of the statute of limitations, it began to run on July 30, 2002, when Petitioner's judgment became final.  28 U.S.C. § 2244(d)(1)(A).  The one-year period expired on July 30, 2003 unless statutory or equitable tolling is available to suspend it.  28 U.S.C. § 2244(d)(2) (statutory tolling); *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2560 (2010) (equitable tolling).

Petitioner argues that he is entitled to equitable tolling.  "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Holland*, 130 S. Ct. at 2562 (internal quotation marks and citation omitted).  "A petitioner seeking equitable tolling bears the burden of showing both that there were extraordinary circumstances and that the extraordinary circumstances were the *cause* of his untimeliness.  *Roberts v. Marshall*, 627 F.3d 768, 772 (9th Cir. 2010) (internal quotation marks and citation omitted, emphasis in original).  "[E]quitable tolling is unavailable in most cases.  Indeed, the threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exception swallow the rule."  *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (internal quotation marks, ellipsis, brackets and citation omitted).

09cv745

Petitioner argues that equitable tolling applies because he did not have adequate access to the prison law library and his own legal materials and because of interference with his legal mail. Among other things, he claims that the prison guards stole the habeas form attached to the May 14, 2003 letter from the Court of Appeal, which delayed his state court filing until November 23, 2003. (Second Obj. at 12.) Respondents had an opportunity to, but did not, dispute this assertion. For purposes of equitable tolling, "'[e]xtraordinary' circumstances exist when officials' wrongful conduct prevents a prisoner from filing." *Stillman v. Lamarque*, 319 F.3d 1199, 1202 (9th Cir. 2003). Accordingly, the statute of limitations was equitably tolled from July 30, 2003 until November 23, 2003, when Petitioner filed his first habeas corpus petition in State court. To the extent the Second Report and Recommendation reaches a contrary conclusion, it is **REJECTED**.

When a petitioner files a state habeas petition before the expiration of the statute of limitations, he may be entitled to statutory tolling. *See Ferguson*, 321 F.3d at 823. 28 U.S.C. Section 2244(d)(2) provides in pertinent part:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

"The time that an application for state post-conviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." *Evans v. Chavis*, 546 U.S. 189, 191 (2006). "California's system of habeas review, however, is unusual in that there is no way for a prisoner seeking post-conviction relief to formally appeal a lower court's decision. Instead, each level of the California court system has original jurisdiction over habeas petitions, and a petitioner . . . faced with an unfavorable result in a lower court must file an original petition with the higher state court." *Maxwell v. Roe*, 628 F.3d 486, 495 (9th Cir. 2010), citing Cal. Const. Art. VI, § 10. Accordingly, in California, "[a]s long as the prisoner filed a petition for appellate review within a 'reasonable time,' he could count as 'pending' (and add to the 1-year time limit) the days between (1) the time the lower state court reached an

/ / / / /

adverse decision, and (2) the day he filed a petition in the higher state court." *Chavis*, 546 U.S. at 193, citing *Carey v. Saffold*, 536 U.S. 214, 222-223 (2002).

Petitioner filed his first petition for post-conviction review in San Diego Superior Court on November 23, 2003. (Second Am. Pet., Doc. No. 9-4 at 2.) The petition was denied on December 16, 2003. (Second Obj. Exh. at 63.) On July 27, 2004 he filed a petition in the Court of Appeal, which was denied on August 13, 2004. (Second Am. Pet., Doc. No. 9-3 at 2 & 83; *see also* Second Obj. Exh. at 68.) On May 29, 2007 the filed a second petition in the San Diego County Superior Court,[3] which was denied on July 26, 2007. (Obj., Doc. No. 28 at 22.) On June 16, 2008 he filed a petition in the California Supreme Court (Second Am. Pet., Doc. No. 9-2 at 2), which was denied on February 11, 2009 (*id*. at 60; *see also* Second Obj. Exh. at 70). In the meantime, he also filed a third petition in the San Diego County Superior Court, which was denied on August 29, 2008. (Obj., Doc. No. 28 at 25.) He then filed a petition in the Court of Appeal on November 17, 2008, which was denied on January 29, 2009. (*Id*. at 30.) Petitioner apparently[4] filed a fourth petition in the San Diego County Superior Court, which was denied on June 18, 2009. (*Id*. at 32.)

There is a gap of approximately two years and nine months between the denial of the petition in the Court of Appeal on August 13, 2004 and Petitioner's next post-conviction relief filing on May 29, 2007. Assuming *arguendo*, that Petitioner's July 27, 2004 Court of Appeal filing was timely despite a preceding seven-month gap and that the May 29, 2007 filing pertained to the same round of post-conviction relief, *see Banjo v. Ayers*, 614 F.3d 964, 970 (six months not reasonable) & 968-69 ("periods between different rounds of collateral attack are not tolled"), section 2244(d)(2) does not toll the statute of limitations for almost three years.

Only a petition filed within a reasonable time is entitled to statutory tolling. *Chavis*, 546 U.S. 193; *Saffold*, 536 U.S. at 222-223. "California has not provided guidance as to what

---

[3]     Upon review of the record, it does not appear that either Petitioner or Respondents filed or lodged a copy.

[4]     Upon review of the record, it does not appear that either Petitioner or Respondents filed or lodged a copy.

09cv745

constitutes a 'reasonable time.'" *Banjo*, 614 F.3d at 968. "In the absence of clear direction from the California courts, either in a particular case or in general, we must determine whether the petition at issue was filed within a 'reasonable time.'" *Id*. Here, the second Superior Court petition was not denied as untimely. (*See* Obj., Doc. No. 28 at 22.) This does not end the inquiry, however, because timeliness cannot be inferred from the fact the court denied a petition on the merits or on procedural grounds other than the statute of limitations. *Banjo*, 614 F.3d at 968, 970. The court must therefore "engage in an inquiry as to whether California courts would have deemed the petition filed within a reasonable time." *Id*. at 970.

> The Supreme Court has previously opined that California courts would not consider an unjustified and unexplained six-month delay "reasonable." Further, the Court has permitted interval tolling under California's unusual system of habeas petitions and imprecise time limits on the assumption "that California's 'reasonable time' standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules." *Chavis* presumed a 30- or 60-day delay would be the norm in most states, *Saffold* only 30 to 45 days.

*Id*., quoting *Chavis*, 546 U.S. at 199-20 and citing *id*. at 193, 201 & *Saffold*, 536 U.S. at 222. Petitioner waited almost three years. The court cannot conclude that this gap in seeking post-conviction review was reasonable under California law so as to render the May 29, 2007 filing timely. Accordingly, statutory tolling under 28 U.S.C. Section 2244(d)(2) is unavailing.

Equitable tolling is also not available to bridge the gap. Petitioner points to his difficulties with accessing the law library and his legal materials and to the interference with his legal mail. In support, he filed an affidavit and copies of numerous grievance documents. (Aff. & Second Obj., Exh. at 9-62.) However, the record itself negates the appropriateness of equitable tolling. Between August 13, 2004 and May 29, 2007 Petitioner was able to access the law library at least eight times (*see* Aff. at 2-4) and filed no fewer than thirteen lawsuits. (Exh. at 104-07 (list).) It is therefore not possible for Petitioner to show that extraordinary conditions at his institution made it impossible for him to timely file his petition despite diligence on his part. *See Holland*, 130 S. Ct. at 2562.

Based on the foregoing, the federal petition, filed March 11, 2009, is time-barred and is therefore **DISMISSED**.

/ / / / /

09cv745

1         Petitioner has also filed a Motion for Leave to Amend, wherein he proposed additional

2    grounds for federal habeas relief.  Federal Rules of Civil Procedure advise the court that leave to

3    amend shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  "This policy is to be

4    applied with extreme liberality."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051

5    (9th Cir. 2003) (internal quotation marks and citation omitted).  Dismissal without leave to

6    amend is not appropriate unless it is clear that the complaint could not be saved by amendment.

7    *Id*. at 1052.  In light of the time-bar in this case, however, leave to amend would be futile.

8    Accordingly, Petitioner's Motion for Leave to Amend is **DENIED**.

9         For the foregoing reasons, certificate of appealability is **DENIED**.

10        **IT IS SO ORDERED.**

11

12   DATED:  February 25, 2011

13

14                                    M. James Lorenz

                                   United States District Court Judge

15   COPY TO:

16   HON. PETER C. LEWIS
    UNITED STATES MAGISTRATE JUDGE

17   ALL PARTIES/COUNSEL

18

19

20

21

22

23

24

25

26

27

28

                                                        09cv745