# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY EUGENE LARSON, <br><br> Petitioner, <br><br> v. <br><br> CARRASCO, Warden, *et al.*, <br><br> Respondents. | Case No. 09-cv-745-L(PCL) <br><br> **ORDER DENYING PETITIONER'S MOTION TO REOPEN THE CASE [DOC. 61]** |

  On April 9, 2009, Petitioner filed a Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition"). After filing a two amended petitions, Respondents moved to dismiss the Second Amended Petition. (Doc. 15.) On June 4, 2010, United States Magistrate Judge Peter C. Lewis issued a Report and Recommendation ("Report") recommending that this Court grant Respondents' motion to dismiss. (Doc. 26.) The Court adopted the Report in part and remanded in part. (Doc. 36.) Then on December 27, 2010, Magistrate Judge Lewis issued a Second Report recommending that the Court grant Respondents' motion to dismiss. (Doc. 45.) The Court adopted in part, and among other things, dismissed the Petition. (Doc. 51.) That order also denied Petitioner's request for a certificate of appealability. A Clerk's Judgment was entered on February 25, 2011. (Doc. 52.)

//

Thereafter, Petitioner filed a notice of appeal with a request for a certificate of appealability. (Doc. 53.) Ultimately, the Ninth Circuit denied the request for a certificate of appealability and denied all pending motions as moot. (Doc. 59.)

Petitioner now moves to reopen this case. The request to reopen is "based on a claim of ineffective assistance of trial counsel that was not raised on direct review [that] tolls the 1 year deadline inwhich [sic] to file a Federal habeas petition." (Pet'r's Mot. 1:16–18.) For the purposes of this order, the Court construes Petitioner's motion as one brought under Federal Rule of Civil Procedure 60(b). For the following reasons, the Court **DENIES** Plaintiff's motion to reopen the case.

I. ANALYSIS

Once judgment has been entered, reconsideration may be sought by filing a motion under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Federal Rule of Civil Procedure 60(b) (motion for relief from judgment). *See Hinton v. Pac. Enter.*, 5 F.3d 391, 395 (9th Cir. 1993).

Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances. *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir.1994) (citing *Ben Sager Chem. Int'l v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977)). Under Rule 60(b), the court may grant reconsideration based on: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b).

Rule 60(b)(6) is a "catchall provision" that applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60. *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005), *overruled on other grounds by United States v. Washington*, 593 F.3d 790 (9th Cir. 2010). "It has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances

prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.* (internal quotation marks omitted).  Thus, to reopen a case under Rule 60(b)(6), a party must establish "both injury and circumstances beyond his control that prevented him from proceeding . . . in a proper fashion." *Id.* (internal quotation marks omitted).

Here, Petitioner presents a lot of law, but fails to apply any of it to his circumstances.  In fact, Petitioner's motion fails to lay out exactly what his circumstances are that warrant relief under Rule 60(b).  Consequently, without more, the Court cannot conclude that Petitioner's circumstances are so exceptional that relief under Rule 60(b) is warranted.

## II.   CONCLUSION & ORDER

Because Petitioner fails to demonstrate entitlement to relief under Rule 60(b), the Court **DENIES** his motion to reopen the case.  (Doc. 61.)

**IT IS SO ORDERED.**

DATED: February 27, 2013

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL