UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY EUGENE LARSON,<br><br>            Petitioner,<br><br>v.<br><br>CARRASCO, Warden, *et al.*,<br><br>            Respondents. | Case No. 09-cv-745-L(PCL)<br><br>**ORDER:**<br><br>**(1) DENYING PETITIONER'S MOTION TO REOPEN THE CASE [DOC. 66], AND**<br><br>**(2) DENYING MOTION FOR EXTENSION OF TIME [DOC. 64]** |

     On April 9, 2009, Petitioner filed a Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition"). After filing a two amended petitions, Respondents moved to dismiss the Second Amended Petition. (Doc. 15.) On June 4, 2010, United States Magistrate Judge Peter C. Lewis issued a Report and Recommendation ("Report") recommending that this Court grant Respondents' motion to dismiss. (Doc. 26.) The Court adopted the Report in part and remanded in part. (Doc. 36.) Then on December 27, 2010, Magistrate Judge Lewis issued a Second Report recommending that the Court grant Respondents' motion to dismiss. (Doc. 45.) The Court adopted in part, and among other things, dismissed the Petition. (Doc. 51.) That order also denied Petitioner's request for a certificate of appealability. A Clerk's Judgment was entered on February 25, 2011. (Doc. 52.)

Thereafter, Petitioner filed a notice of appeal with a request for a certificate of appealability.  (Doc. 53.)  Ultimately, the Ninth Circuit denied the request for a certificate of appealability and denied all pending motions as moot.  (Doc. 59.)

On February 25, 2013, Petitioner moved to reopen this case.  The Court denied that request.  Now Petitioner moves for reconsideration and an extension of time.  For the following reasons, the Court **DENIES** Petitioner's request for reconsideration and his request for an extension of time.  (Docs. 66, 64.)

I.     ANALYSIS

Once judgment has been entered, reconsideration may be sought by filing a motion under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Federal Rule of Civil Procedure 60(b) (motion for relief from judgment). *See Hinton v. Pac. Enter.*, 5 F.3d 391, 395 (9th Cir. 1993).

Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances. *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir.1994) (citing *Ben Sager Chem. Int'l v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977)). Under Rule 60(b), the court may grant reconsideration based on: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b).

Rule 60(b)(6) is a "catchall provision" that applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60. *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005), *overruled on other grounds by United States v. Washington*, 593 F.3d 790 (9th Cir. 2010).  "It has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.* (internal quotation marks omitted).  Thus, to reopen a case under Rule 60(b)(6), a party must


establish "both injury and circumstances beyond his control that prevented him from proceeding . . . in a proper fashion." *Id.* (internal quotation marks omitted).

Here, Petitioner fails to lay out exactly what his circumstances are that warrant relief under Rules 59(e) or 60(b). Consequently, without more, the Court cannot conclude that Petitioner's circumstances are so exceptional that relief under either Rules 59(e) or 60(b) is warranted.

Also, Petitioner's request for an extension of time fails to identify what deadline he seeks to have extended. After reviewing the docket, the Court was unable to locate a specific deadline that Petitioner might be referring to with his request for an extension of time. Therefore, Petitioner fails to show good cause to support his request.

## II.  CONCLUSION & ORDER

Because Petitioner fails to demonstrate entitlement to relief under Rules 59(e) and 60(b), the Court **DENIES** his motion for reconsideration. (Doc. 64.) The Court also **DENIES** Petitioner's request for an extension of time. (Doc. 66.) Moving forward, if Petitioner attempts to file anymore motions that are blatantly meritless as these motions are, the Court will reject the filings primarily on the basis that the case is now closed.

**IT IS SO ORDERED.**

DATED: March 25, 2013

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL